IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gabriel Rios #344751,<br><br>        Plaintiff,<br><br>v.<br><br>Lavern Cohen and the South Carolina Department of Corrections<br><br>        Defendants. | Case No.: 1:25-cv-4585-SAL<br><br><br>**ORDER** |

Gabriel Rios, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983 against Lavern Cohen, Warden of the Ridgeland Correctional Institution and the South Carolina Department of Corrections ("SCDC") (collectively "Defendants"). Before the court are three motions: Defendants' motion for summary judgment, ECF No. 28, and Rios' motions to amend his complaint and for additional discovery, ECF Nos. 44, 45. United States Magistrate Judge Shiva V. Hodges, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(4) (D.S.C.), issued a Report and Recommendation ("Report"), recommending Defendants' motion for summary judgment be granted. [ECF No. 37.] Rios objects. [ECF No. 46.]

## I.  Background

According to Rios, in 2021 while housed at McCormick Correctional Institution ("MCI") he was bitten by an insect which caused his skin to blister and itch. [ECF No. 37 at 3.] Since then, Rios claims his skin condition has worsened, causing him depression and weight loss. *Id.* Medical staff later noted that Rios has "chronic dermatitis" and prescribed medication. *Id.* at 5.

Rios argues that, at a later doctor's appointment, he was diagnosed with nodular prurigo, a disease he will have for the rest of his life. He further claims that, following this diagnosis, a doctor "started the necessary and appropriate standard of care," and his condition was brought under

1

control. *Id.* at 6–7.

Rios now contends that, although the doctor who diagnosed him with nodular prurigo ordered a follow-up visit, "defendants cancelled that appointment" and have provided only some of his prescribed treatment. *Id.* at 7. He further claims that, since that appointment, his condition "is at an all time low with new lesions the size of a baseball at times." *Id.* Finally, he alleges that Defendants continue to refuse him items that would alleviate his condition. *Id.*

## II.     Legal Standards

### A.  Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* In the absence of *specific* objections this court

need not give any explanation for adopting the recommendation. *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009). That said, the Fourth Circuit has instructed district courts that *pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnet*, 24 F.3d 582, 587 (4th Cir. 1994).

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

### III. Discussion

Rios asserts claims against Defendants for deliberate indifference to serious medical needs

under the Eighth Amendment and gross negligence under state law.[1] [ECF No. 1-1 ¶¶ 28–30.] The magistrate judge found that both claims failed as a matter of law. [ECF No. 37.] Rios opposes summary judgment and generally objects to the entire Report. [ECF No. 46.] The court reviews de novo each claim Rios references but begins with immunity.

### A. Eleventh Amendment Immunity

The magistrate judge found that Rios' claims for monetary damages against Cohen in his official capacity are barred by the Eleventh Amendment. [ECF No. 37 at 11–13.] The magistrate judge also found that Rios' claims against SCDC fail because SCDC is not a "person" subject to suit under § 1983. The court agrees.

Section 1983 provides a means for vindicating constitutional rights but does not itself create substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Under 42 U.S.C. § 1983, a plaintiff must establish three elements to state a cause of action: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law. *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997). A plaintiff "is not entitled to monetary damages under § 1983 against Defendants in their official capacities." *Moneyhan v. Keller*, 563 F. App'x 256, 258 (4th Cir. 2014); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (holding that Eleventh Amendment bars suit against non-consenting state, its agencies, and its officers acting in their official capacities).

Accordingly, Rios' claims against Cohen in his official capacity and against SCDC fail.

---

[1] In his complaint, Rios also alludes to relief under the Fourteenth Amendment. [ECF No. 1-1 ¶ 28.] That said, the magistrate judge found that he "ha[d] not explained, and the court [could not] discern, the basis of an independent Fourteenth Amendment claim" and thus recommended dismissal. [ECF No. 37 at 19 n.5.] Rios neither clarifies this purported claim in his objections nor objects to the magistrate judge's recommendation of dismissal. Accordingly, the court agrees that dismissal is proper.

*See, e.g.*, *Rivera v. Stirling*, C/A No. 8:19-00718-JMC-JDA, 2019 WL 3070083, at *4 (D.S.C. June 11, 2019) ("SCDC is 'a department, group of buildings, or a facility, and it is not considered a person subject to suit under . . . § 1983.'") (citations omitted), *report and recommendation adopted*, C/A No. 8:19-00718-JMC, 2019 WL 3067488 (D.S.C. July 12, 2019). While Rios argues that these defendants would be removed if he is allowed to amend his complaint, the court denies that request, *infra* Section III.D, and agrees with the magistrate judge that summary judgment is proper. [ECF No. 37 at 13.]

### B. Federal Claims

The magistrate judge found that Rios' remaining federal claims fail because he has not shown that any defendant acted with deliberate indifference. [ECF No. 37 at 17.] The court agrees.

To succeed on a § 1983 claim for deprivation of medical care, Rios must establish both an objective and a subjective component. *Bolick v. Anderson*, No. 23-6867, 2026 WL 706427, at *4 (4th Cir. Mar. 13, 2026); *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). The objective component requires a "serious medical need." *Gordon*, 937 F.3d at 356. The subjective component requires proof "that the defendant . . . acted with 'deliberate indifference.'" *Id.* A defendant acts with deliberate indifference sufficient to establish a deprivation of medical care claim where the defendant has "actual knowledge of the [plaintiff's] serious medical needs and the related risks, but nevertheless disregard[s] them." *Id.* "A defendant's subjective knowledge can be proven 'through direct evidence of [his] actual knowledge or circumstantial evidence tending to establish such knowledge, including evidence that [he] knew of a substantial risk from the very fact that the risk was obvious.'" *Id.* (citing *Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016)).

Although Rios demonstrates a serious medical need, he fails to establish the subjective component. Rios acknowledges that he initially received "the necessary and appropriate standard

of care" and that his condition "was under control." [ECF No. 1-1 at 6.] He later alleges that Defendants canceled a follow-up appointment, provided only part of his prescribed treatment, and denied him further access to care. *Id.* at 6–7. Even viewing this evidence in the light most favorable to Rios, however, he has not shown that any defendant had actual knowledge of his condition and deliberately disregarded it. Accordingly, the court agrees that summary judgment is proper.[2]

### C.  State-Law Claims

The magistrate judge found that Rios' state-law claim for gross negligence fails for the same reasons as his deliberate indifference claim and because Rios failed to meaningfully address Defendants' arguments regarding duty, breach, causation, and immunity under the South Carolina Tort Claims Act. [ECF No. 37 at 20–21.]

Rios again fails to meaningfully address these arguments in his objections to the Report. [ECF No. 46 at 6–7.] The court agrees with the magistrate judge that Rios state-law claims fail.[3]

---

[2] Rios does not object to the magistrate judge's recommendation that his federal claims be dismissed due to qualified immunity. [ECF No. 37 at 18–19.] Accordingly, the court need not review these claims de novo. *See Field*, 663 F. Supp. 2d 449 at 451 n.1 ("The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made."). That said, even upon de novo review, the court agrees that qualified immunity applies. Under this doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). While it is clearly established that deliberate indifference to an inmate's serious medical or mental health needs violates the Constitution, *Iko v. Shreve*, 535 F.3d 225, 243 n.12 (4th Cir. 2008), Rios has failed to show that any SCDC staff were aware of his need for care and deliberately failed to provide it. Accordingly, the court agrees that qualified immunity is an additional bar to Rios' claims.

[3] Because the court finds that both lack of evidence and qualified immunity are sufficient to grant Defendants' motion for summary judgment, the court does not address the magistrate judge's recommendation regarding Defendants' statute of limitations defense.

### D.   Motion to Amend Caption and for Discovery

After the magistrate judge issued the Report, Rios moved to amend his complaint to add medical staff as defendants. [ECF No. 45-1.] The court denies this motion. It is untimely and, in any event, would be futile, as the record does not support a viable claim for deliberate indifference against the proposed defendants. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (noting that "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," leave to amend may be denied). Accordingly, the court denies this motion.[4]

Separately, Rios asks the court to allow additional discovery regarding his medical records from 2021 to the present. [ECF No. 44 at 1.] This motion is also denied as untimely. Additionally, as found by the magistrate judge, the record indicates that Rios did not previously serve discovery requests.[5] [ECF No. 37 at 21 n.6.]

---

[4] The court also notes that the present motion to amend is not Rios' first. In fact, Rios has moved to amend his complaint on three prior occasions, with each request denied for failure to provide a proposed amended complaint. *See* ECF Nos. 18, 25, 31. Despite being warned of this deficiency multiple times, Rios has only now provided a proposed amended complaint—after the amendment deadline has passed, a summary judgment motion has been fully briefed by Defendants, and the magistrate judge has issued a Report. While the court is mindful of Rule 15's admonishment that leave to amend should be freely given when justice so requires, it also recognizes that "a motion for leave to amend is not a vehicle to circumvent summary judgment." *Witt v. Am. Trucking Associations, Inc.*, 860 F. Supp. 295, 305 (D.S.C. 1994). Considering the significant delay, the prejudice Defendants would suffer by an amendment, and the fact that Rios' proposed amendment adds entirely new parties to this litigation who may require separate counsel, the court is satisfied that leave to amend would be inappropriate.

[5] Defendants represent that Rios' medical records from March 4, 2020, to April 15, 2025, have been produced, seemingly satisfying Rios' request. [ECF No. 48 at 2, ECF No. 44 at 1.]

7

## IV.     Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error. Additionally, the court reviewed de novo the parts of the Report to which Rios objected. The court hereby **ADOPTS** the Report, ECF No. 37. As a result, Defendants' motion for summary judgment, ECF No. 28, is **GRANTED**. Rios' claims are dismissed **WITH PREJUDICE**. Rios' motions to amend his complaint and for additional discovery are **DENIED**.

**IT IS SO ORDERED.**

March 23, 2026                                         Sherri A. Lydon
Columbia, South Carolina                      United States District Judge